Teresa Guevara **TRIGUEROS**, aka Mercedes Garcia Garcia, aka Teresa Jesus Guevara, aka Nancy Gutierrez Wenees, **Petitioner**,

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–73074.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2015.*

Filed Sept. 4, 2015.

Zulu Ali, Zulu Abdullah Ali, Riverside, CA, for Petitioner.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Colin J. Tucker, Trial, OIL, Meadow W. Platt, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

## MEMORANDUM **

Teresa Guevara Trigueros, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Guevara Trigueros' failure to claim in her application and declaration a political motive for the harm she experienced or fears, and based on the implausibility of her testimony. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the totality of circumstances); *see also Kin v. Holder*, 595 F.3d 1050, 1056–57 (9th Cir.2010) (failure to mention participation in political demonstration on asylum application supported

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

adverse credibility determination). Thus, we deny Guevara Trigueros' petition as to her withholding of removal claim.

Substantial evidence supports the agency's denial of CAT relief because Guevara Trigueros failed to show it is more likely than not she will be tortured if returned to Honduras. *See Shrestha*, 590 F.3d at 1048–49. Thus, we deny Guevara Trigueros' petition as to her CAT claim.

## PETITION FOR REVIEW DENIED.